

Signed October 09, 2009.

_____
Ronald B. King
United States Chief Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| SHERRY L. BELCHER, § | CASE NO. 05-57703-RBK | |
| § | | |
| DEBTOR § | CHAPTER 7 | |
| § | | |
| § | | |
| JOHN DOE, JOHN O'DOWD, § | | |
| GAYLE O'DOWD, AND RONALD P. § | | |
| HADLEY, FOR THE BENEFIT OF § | | |
| LOUISE VIRGINIA HADLEY § | | |
| § | | |
| VS. § | ADVERSARY NO. 06-5005-RBK | |
| § | | |
| SHERRY L. BELCHER § | | |

**OPINION**

Sherry L. Belcher ("Debtor or Defendant") filed a voluntary Chapter 7 Petition (the "Petition") on October 14, 2005 (the "Petition Date"). In Schedule "F" of the Schedules, Debtor listed two state court lawsuits as unsecured nonpriority claims. (Document #4, Case No. 05-57703). In the first lawsuit, Plaintiff John Doe, a/k/a Brian O'Dowd, sued Defendant for violating the Texas

Health & Safety Code by allegedly releasing or disclosing his medical test results. Brian O'Dowd, Ronald P. Hadley, Gayle O'Dowd, and John O'Dowd, Plaintiffs in the second lawsuit, brought trespass to try title and declaratory judgment actions seeking a judicial determination of rights regarding an alleged private easement that affected Defendant's property. On January 9, 2006, John Doe, a/k/a Brian O'Dowd, Ronald P. Hadley, Gayle O'Dowd, and John O'Dowd (collectively "Plaintiffs") filed their "Complaint Objecting to Dischargeability of Certain Debt and Objecting to Discharge." After a trial on the merits, the Court found that there is an easement affecting Defendant's property and that Defendant violated the Texas Health and Safety Code.

On November 22, 2006, Plaintiffs filed a motion for attorneys' fees, which requested fees of $14,640.00 and costs of $1,971.05 for the period of July 2005 through November 2006. Plaintiffs sought attorneys' fees and costs pursuant to section 81.104(c) of the Texas Health and Safety Code and section 37.009 of the Texas Civil Practice and Remedies Code.

On January 5, 2007, the Court signed the Final Judgment ordering that Plaintiffs recover from Defendant nondischargeable damages of $1,000.00 and attorneys' fees and costs in the amount of $16,611.05. Additionally, the Court ordered that Plaintiffs recover nondischargeable attorneys' fees from Defendant of $7,500.00 in the event of an appeal to the district court and an additional $7,500.00 in the event of an appeal to the court of appeals.

On March 18, 2008, Judge William Wayne Justice, United States District Court, Western District of Texas, affirmed the Court's judgment in all respects except for its award of attorneys' fees. The District Court directed this Court to (1) "determine if Appellees relied on the Uniform Declaratory Judgments Act solely to obtain attorneys' fees," ***Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth***, 150 S.W.3d 617, 627 (Tex. App.–Austin 2004, no pet.); and (2) determine

whether the award of attorneys' fees satisfies section 37.009 of the Texas Civil Practice and Remedies Code, as discussed in *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 762 (Tex. App.–El Paso 2000, no pet.).

Appellant appealed the District Court decision to the United States Court of Appeals for the Fifth Circuit, which modified this Court's Judgment by vacating the award of damages to John Doe, a/k/a Brian O'Dowd, for violation of the Health and Safety Code, stating that:

> We do find error in the bankruptcy court's ruling that Belcher violated Tex. Health & Safety Code § 81.103 because there is no evidence that Belcher knew of Doe's test. She knew of this health condition from what he had told her, but nothing was said to her about a test or medical proof. *See New Times, Inc. v. Doe*, 183 S.W.3d 122 (Tex. App. 2006).

The Fifth Circuit did not rule on the issue of attorneys' fees.

## DISCUSSION

1. ***Attorneys' Fees Brought Pursuant to the Uniform Declaratory Judgments Act***.

The United States District Court for the Western District of Texas provided the issue for this Court on remand by stating that:

> At the dischargeability hearing, the Court appeared only to grant attorneys['] fees pursuant to Texas Health and Safety Code § 81.104. Tr. at 161. Nonetheless, Appellees' Motion for Attorneys' Fees to the Bankruptcy Court includes fees for work on the Trespass to Try Title Claim. The Bankruptcy Court granted the attorneys' fees in full, without any explanation.
>
> Appellees may be entitled to attorneys' fees for their Trespass to Try Title because they sought, *inter alia*, relief pursuant to the Uniform Declaratory Judgments Act. Texas Civil Practice and Remedies Code § 37.009 provides that "In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Actions brought pursuant to the Uniform Declaratory Judgments Act are included within the chapter.

3

> Texas courts have found, however, that "[i]t is an abuse of discretion . . . to award attorney's fees under the [Uniform Declaratory Judgments Act] when the statute is relied upon solely as a vehicle to recover attorney's fees." *Hageman/Fritz, Byrne, Head & Harrison, L.L.P. v. Luth*, 150 S.W.3d 617, 627 (Tex. App.–Austin 2004). In *Luth*, the court found that in a lawsuit which involved "claims of trial of right of property, conversion, and the Uniform Declaratory Judgment Act (UDJA) . . . the declaratory-judgment [claim] presents no new controversies. It adds nothing to what would be implicit or expressed in a final judgment for the enforceable remedy." *Id*. (citations omitted). The *Luth* court therefore refused to award attorneys' fees pursuant to the Uniform Declaratory Judgments Act. The facts of this case appear somewhat similar to those in *Luth*, but this Court will leave it to the Bankruptcy Court to determine if Appellees relied on the Uniform Declaratory Judgments Act solely to obtain attorneys' fees.

This Court, therefore, turns to *Luth* as the controlling authority on the issue of attorneys' fees under the Uniform Declaratory Judgments Act. The plaintiffs in *Luth* asserted claims for trial of right of property and conversion, and under the Uniform Declaratory Judgments Act. 150 S.W.3d at 626. The *Luth* court, quoting *Universal Printing Co. v. Premier Victorian Homes, Inc.*, 73 S.W.3d 283, 296 (Tex. App.–Houston [1st Dist.] 2001, pet. denied), stated that "[t]here is no basis for declaratory relief when a party is seeking in the same action a different, enforceable remedy, and a judicial declaration would add nothing to what would be implicit or express in a final judgment for the enforceable remedy." *Luth*, 150 S.W.3d at 627. *Luth* found that the plaintiffs "sought a declaration of 'the rights and obligations of the parties as they relate to' the funds. Specifically, they sought a declaration of the proper characterization of the assignment of the Turner Judgment and title in the funds. Likewise, both the conversion claim and the trial of right of property involve determination of title in the funds and characterization of the assignment of the Turner Judgment."

*Id*. In this case, however, only a declaratory judgment could provide the remedy requested by the Plaintiffs: a declaration of the existence of an easement.

As the District Court noted, "[a]ppellees may be entitled to attorneys' fees for their Trespass to Try Title because they sought, *inter alia*, relief pursuant to the Uniform Declaratory Judgments Act." (Mem. Op. At 11.) There is no particular kind of pleading required for the Uniform Declaratory Judgments Act, and such pleadings are to be liberally construed. ***Canales v. Zapatero***, 773 S.W.2d 659, 661 (Tex. App.–San Antonio 1989, writ denied). Plaintiffs advanced various claims and requests for relief that included a clarification of their rights to certain real property under two separate deeds. Defendant's Answer to the Complaint asserted that there "is a dispute over the use of an easement over a piece of land which Defendant has 1/4 control lying south of block three (3) and not any part of the Dedication Deed." (Adv. No. 06-05005, Document No. 5.)

A trespass to try title action is the method of determining title to lands, tenements, or other real property. TEX. PROP. CODE ANN. § 22.001 (Vernon 2007). "[W]hen one seeks title to property, trespass to try title, and not the UDJA [Uniform Declaratory Judgments Act], is the proper cause of action." ***Roberson v. City of Austin***, 157 S.W.3d 130, 136 (Tex. App.–Austin 2005, pet. denied) (citing ***Martin v. Amerman***, 133 S.W.3d 262, 267-68 (Tex. 2004)). The Uniform Declaratory Judgments Act, however, allows a party to seek a declaration of rights, status, or other legal relations under a deed, will, written contract, or other writings constituting a contract. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (Vernon 2007). "The purpose of a declaratory action is to establish existing rights, status, or other legal relation." ***Kadish v. Pennington Assocs., L.P.***, 948 S.W.2d 301, 304 (Tex. App.–Houston [1st Dist.] 1995, no writ). "The [Uniform Declaratory Judgments] Act does not confer additional substantive rights upon parties . . . ." *Id*.

Plaintiffs offered two deeds that were admitted into evidence by this Court. The first deed transferred Lot 3 of Block 2 of the Elm Grove Camp Subdivision to two of the Plaintiffs. (Pl's Exh. 2.) The second deed was a "Dedication Deed" to "The Public" (Pl's Exh. 4) (Trial Tr. at 13-17 dated August 25, 1928). This Court heard testimony from a real estate agent that the Dedication Deed related to the property currently in dispute and that it was intended to be used by all of the property owners of Elm Grove Camp. (Trial Tr. at 16-17.) The property dispute between Plaintiffs and Defendant, therefore, involved the validity and construction of the Dedication Deed.

A deed of dedication may grant an easement or convey property in fee simple. ***Russell v. City of Bryan***, 919 S.W.2d 698, 702 (Tex. App.–Houston [14th Dist.] 1996, writ denied); *see also* ***Fort Worth & D.S.P.Ry. v. Judd***, 4 S.W.2d 1032, 1037 (Tex. Civ. App.–Amarillo 1928, writ dism'd w.o.j.). A trespass to try title action must allege and prove the right to present possession of the land. ***City of Mission v. Popplewell***, 156 Tex. 269, 273, 294 S.W.2d 712, 714 (1956). The owner of an ordinary easement, however, does not have such a possessory right and, therefore, cannot utilize the trespass to try title remedy. *Id*. (citing ***Gillett v. Van Horne***, 36 S.W.2d 305, 306 (Tex. Civ. App.–El Paso 1931, writ dism'd w.o.j.); *see also* ***Roberson***, 157 S.W.3d at 135 (holding easement claims are not title claims). The relief requested by Plaintiffs under the Declaratory Judgments Act was appropriate because the interpretation of whether the deed granted an easement or a fee simple interest would determine the form of relief. This Court did not conclude that the Dedication Deed granted the property in fee simple, but rather ruled that an easement existed for the benefit of the property owners of Elm Grove Camp. Therefore, Plaintiffs' claim under the Uniform Declaratory Judgments Act was permissible, appropriate, and not brought "solely as a vehicle to recover attorneys' fees." ***Luth***, 150 S.W.3d at 626. Further, Texas case law provides examples of courts

6

awarding attorneys' fees under the Uniform Declaratory Judgments Act to parties seeking to establish an easement or to defeat an easement claim. *E.g.,* ***Canales***, 773 S.W.2d at 661; *see also* ***Pena v. Salinas***, 734 S.W.2d 400, 403-04 (Tex. App.–San Antonio 1987, writ ref'd n.r.e.).

2. ***Award of Attorneys' Fees as "Reasonable and Necessary" and "Equitable and Just."***

Regarding the second issue for remand, the District Court stated that "the Bankruptcy Court appears to have granted attorneys' fees for Appellees' action for declaratory judgment without making any reference to the guiding legal rules and principles" in section 37.009 of the Texas Civil Practice and Remedies Code, as stated in ***Abraxas Petrol. Corp. v. Hornburg***, 20 S.W.3d 741, 762 (Tex. App.–El Paso, no pet.). The guiding legal rules and principles provide that:

> The Declaratory Judgments Act does not require an award of attorneys' fees to the prevailing party. ***Bocquet v. Herring***, 972 S.W.2d 19, 20 (Tex. 1998). Rather, it provides that the court "may" award attorneys' fees. *Id*. The statute thus affords the trial court a measure of discretion in deciding whether to award attorneys' fees. *Id*.; ***Commissioners Court of Titus County v. Agan***, 940 S.W.2d 77, 81 (Tex. 1997). Article 37.009 imposes four limitations on the court's discretion: the fees awarded must be reasonable and necessary, which are matters of fact, and they must be equitable and just, which are matters of law. ***Bocquet***, 972 S.W.2d at 21.

*Abraxas*, 20 S.W.3d at 762.

a. ***Reasonable and Necessary***.

Plaintiffs request $14,640.00 in professional fees and $1,971.05 in costs to pursue the causes of action against Defendant during the period of July 2005 through November 2006. (Mot. Att'ys' Fees ¶ 3.) Of the total $16,611.05 requested, $3,095.00 in fees and $1,198.27 in costs were incurred by Plaintiffs for work performed in the state court matters.

7

Plaintiffs' attorneys' fees included: (1) 41.0 hours of work performed by two attorneys at the rate of $200.00 per hour; (2) 6.5 hours of work performed by two law clerks at the rate of $115.00 per hour; (3) 73.2 hours of work performed by two paralegals at the rate of $75.00 per hour; and (4) 3.5 hours of work performed by a legal assistant at the rate of $60.00 per hour. (Mot. Att'ys' Fees ¶ 4, Exh. A and B.) The costs included $1,971.05 for normal litigation expenses, including postage, copying, deposition expenses, and filing expenses. (Mot. Att'ys' Fees Exh. B.)

In considering whether the attorneys' fees and costs are reasonable and necessary, this Court is guided by the eight factors listed in ***Arthur Andersen & Co. v. Perry Equip. Corp.***, 945 S.W.2d 812, 818 (Tex. 1997) (quoting TEX. DISCIPLINARY R. PROF'L CONDUCT 1.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A) (TEX. STATE BAR R. art. X, § 9). The factors serve as a guide for the fact finder and a showing of each of the eight factors is not required for a reasonable and necessary finding. ***In re Estate of Bean***, 206 S.W.3d 749, 763 (Tex. App.–Texarkana 2006, pet. denied).

An hourly rate of $200.00 is reasonable in San Antonio, Texas, for an attorney with thirty years of experience practicing before state, federal, and bankruptcy courts. Moreover, approximately two-thirds of the work was performed by non-attorneys. The fact that Defendant represented herself *pro se* is relevant, but not dispositive. Defendant's decision to represent herself may have reduced the amount of time Plaintiffs' attorneys had to spend on certain matters, but did not eliminate the need for preparation and court appearances. In addition, a review of Plaintiffs' summary of professional services provided in the Motion for Attorneys' Fees is reasonable as to the actual services performed and the amount of time that a particular individual took to perform the service. The billing entries were all related to this adversary proceeding, claims asserted therein, and the state

court matters which later gave rise to this proceeding. These facts were sworn to by Plaintiffs' attorney in an affidavit attached to Plaintiffs' Motion for Attorneys' Fees. (Mot. Att'ys' Fees Exh. A.) Further, the mixed issues in the adversary involved a real property dispute, a violation of the Texas Health and Safety Code, and the effect those two issues might have on Defendant's Chapter 7 bankruptcy discharge. Both underlying issues were fact intensive and required investigation, discovery, and legal research; preparation of documents, pleadings and exhibits; copying, postage and filing costs; and interviews and discussions with witnesses, clients, as well as the deposition of Defendant. The ruling by the Court of Appeals for the Fifth Circuit that Defendant did not violate the Health and Safety Code does not have any bearing on the reasonableness of the fees and expenses awarded. Finally, Plaintiffs ultimately obtained the result they sought. Based on the foregoing evidence, this Court finds that the requested attorneys' fees were reasonable and necessary.

      b.    ***Equitable and Just***.

An award of attorneys' fees and costs must also be equitable and just, which are questions of law. *Bocquet*, 972 S.W.2d at 21. Based on this Court's conclusion that the relief sought by Plaintiffs, pursuant to the Uniform Declaratory Judgments Act, was appropriate and not brought solely as a vehicle to recover attorneys' fees and that Plaintiffs prevailed at trial because Defendant, who did not own the property in dispute, had no right to interfere with Plaintiffs' use of the property, the award of attorneys' fees and costs is equitable and just.

### Conclusion

The Court finds that: (1) Plaintiffs did not rely on the Uniform Declaratory Judgments Act solely as a vehicle to recover attorneys' fees and costs; and (2) the fees and costs were reasonable, necessary, equitable, and just. Attorneys' fees of $14,640.00 and costs of $1,971.05 should be

awarded to Plaintiffs. In addition, Plaintiffs are entitled to additional attorneys' fees of $7,500.00 for work done on the appeal to District Court and $7,500.00 for work performed on the subsequent appeal to the Court of Appeals. A separate Judgment will be rendered. This Opinion constitutes the findings of fact and conclusions of law of this Court pursuant to Bankruptcy Rule 7052.

# # #